# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1669
_____

Larry J. Langston,                                    *
                                                      *
            Appellant,                                *
                                                      *  Appeal from the United States
      v.                                              *  District Court for the
                                                      *  Eastern District of Arkansas.
JoAnne B. Barnhart, Commissioner,                     *
Social Security Administration,                       *        [UNPUBLISHED]
                                                      *
            Appellee.                                 *

_____

Submitted: July 3, 2002
Filed: July 10, 2002
_____

Before LOKEN, BEAM, and RILEY, Circuit Judges.
_____

PER CURIAM.

Larry J. Langston appeals the district court's[1] order affirming the denial of disability insurance benefits (DIB). Having carefully reviewed the record, see Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001) (standard of review), we affirm.

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

Langston applied for DIB in March 1998, alleging disability since January 1996 from manic depression, left-hip pain, poor vision, and nervousness. After a hearing, an administrative law judge (ALJ) found Langston had the residual functional capacity (RFC) to perform medium work and thus his past relevant work (PRW) as an assembler and fork-lift operator was not precluded.

Langston argues that the ALJ erred in finding that he could perform his PRW. We disagree. The ALJ properly determined that Langston was capable of performing work at the medium exertional level after considering and discounting Langston's subjective complaints of additional limitations, see Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (if ALJ discredits claimant and gives good reasons for doing so, court will defer to his judgment), and after considering the medical records and observations of treating physicians and others,[2] see Pearsall, 274 F.3d at 1217-18 (RFC determination). Further, Langston's description of his PRW was consistent with the vocational expert's characterization of these jobs as medium or light unskilled work. Thus, the ALJ's determination that Langston was capable of working as an assembler and fork-lift operator is supported by substantial evidence.

Langston's remaining arguments also provide no basis for reversal. Accordingly, we affirm. See 8th Cir. R. 47B.

---

[2]We note Langston provided no evidence that he sought treatment for his allegedly disabling physical and mental conditions after his prior application was denied in April 1997.

A true copy.

    Attest:

        CLERK,  U.S.  COURT  OF  APPEALS,  EIGHTH  CIRCUIT.